UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAPHAEL GEVORGYAN,<br><br>                      Petitioner,<br><br>       v.<br><br>KRISTI NOEM, et al.,<br><br>                      Respondents. | Case No. 5:25-cv-03408-SRM-ADS<br><br><br>**ORDER ENTERING PRELIMINARY INJUNCTION** |

On January 1, 2026, the Court granted Petitioner's *ex parte* application for a temporary restraining order. Dkt. 10. The Court ordered Respondents to immediately release Petitioner from immigration custody and temporarily enjoined them from re-detaining Petitioner without notice or a prompt informal interview. *See id.* at 12–13. The Court also ordered Respondents to show cause why a preliminary injunction should not issue. *Id.* at 13. Respondents filed their response arguing a preliminary injunction should not issue and the Petition for Writ of Habeas Corpus should be dismissed as moot. Dkt. 11 at 5. Petitioner replied arguing that the issues in this case are not moot. *See* Dkt. 12.

Federal Rule of Civil Procedure 65(a) governs preliminary injunctions. "The 'purpose of a preliminary injunction is to preserve the status quo ante litem pending a determination of the action on the merits.'" *Boardman v. Pac. Seafood Grp.*, 822 F.3d

1011, 1024 (9th Cir. 2016) (quoting *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1023 (9th Cir. 2009)). To obtain a preliminary injunction, the movant must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). The final two factors merge when a preliminary injunction is sought against the government, as is true here. *Nken v. Holder*, 556 U.S. 418, 435 (2009).

In cases where there may be a strong showing on the balance of hardships but a weaker showing on the likelihood of success, a movant may still obtain a preliminary injunction under the Ninth Circuit's sliding-scale approach. *Where Do We Go Berkeley v. Cal. Dep't of Transp.*, 32 F.4th 852, 859 (9th Cir. 2022). Under this sliding-scale approach, a movant must show (1) there are serious questions going to the merits, (2) there is a likelihood of irreparable injury, (3) the balance of hardships tips sharply towards the movant, (4) and the injunction is in the public's interest. *All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). "'Serious questions' are ones 'that "cannot be resolved one way or the other at the hearing on the injunction because they require more deliberative investigation."'" *Flathead-Lolo-Bitterroot Citizen Task Force v. Montana*, 98 F.4th 1180, 1192 (9th Cir. 2024) (quoting *Manrique v. Kolc*, 65 F.4th 1037, 1041 (9th Cir. 2023)). "They 'need not promise a certainty of success, nor even present a probability of success, but must involve a "fair chance of success on the merits."'" *Id.* (quoting *Republic of the Phil. v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988)). Even under this sliding-scale approach, a movant must still "make a showing on all four prongs." *Cottrell*, 632 F.3d at 1135.

Here, there is no compelling reason to deviate from the temporary restraining order except with respect to Petitioner's request to be immediately released from immigration custody. The Court thus incorporates its reasoning and conclusions in the temporary restraining order into this order. *See* Dkt. 10. Accordingly, the Court **ORDERS** as follows:

1. Respondents are **ORDERED** to place Petitioner on supervision under the same conditions before his re-detention;

2. Respondents, their officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with Respondents are **PRELIMINARILY ENJOINED** from revoking Petitioner's release without adequate notice and from detaining him without a prompt informal interview;

3. Petitioner's request to be released from immigration custody is **DENIED AS MOOT**;

4. This preliminary injunction takes effect immediately and will remain in effect pending resolution the merits of this case or further court order; and

5. The Court exercises its discretion and waives the bond requirement for the same reasons stated in the temporary restraining order. *See* Dkt. 10 at 12.

**IT IS SO ORDERED.**

Dated: May 12, 2026

_____

HON. SERENA R. MURILLO
UNITED STATES DISTRICT JUDGE

-3-